UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| DEAN W.T., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:22-cv-04174-SLD-JEH |
| MARTIN O'MALLEY, Commissioner of Social Security,[1] | ) ) ) ) |
| Defendant. | ) ) |

ORDER

Before the Court is Plaintiff Dean W.T.'s Motion for Attorney Fees Under the Equal Access to Justice Act, ECF No. 16. For the reasons that follow, the motion is GRANTED.

BACKGROUND

Dean filed his complaint on December 4, 2022, seeking judicial review of the Acting Commissioner of Social Security's ("the Commissioner") final decision denying his claim for disability insurance benefits. Compl. 1, ECF No. 1. On July 5, 2023, Dean and the Commissioner jointly filed a stipulation stating that the decision denying Dean's application for benefits should be reversed and remanded. Joint Stip. Remand Comm'r 1, ECF No. 13. The Court construed the stipulation as a motion to remand, which it granted pursuant to sentence four of 42 U.S.C. § 405(g). July 6, 2023 Order 1–2, ECF No. 14. Judgment was entered the following day—July 7, 2023. Judgment, ECF No. 15. Dean filed his motion for attorney's fees on October 2, 2023. Mot. Att'y Fees 1. The Commissioner does not oppose the motion. Resp. Mot. Att'y Fees 1, ECF No. 17.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Martin O'Malley is substituted for his predecessor. The Clerk is directed to update the docket accordingly.

1

DISCUSSION

I.  Attorney's Fees Under the Equal Access to Justice Act

Under the Equal Access to Justice Act ("EAJA"), a litigant who is successful in his suit against the federal government is entitled to recover his attorney's reasonable fees if: (1) he is a "prevailing party"; (2) the government's position was not "substantially justified"; (3) there exist no special circumstances that would make an award unjust; and (4) he filed a timely application with the district court. 28 U.S.C. § 2412(d)(1); *Krecioch v. United States*, 316 F.3d 684, 687 (7th Cir. 2003).

First, Dean is a "prevailing party" within the meaning of the EAJA by virtue of having had judgment entered in his favor and his case remanded to the Commissioner for further review. *See Shalala v. Schaefer*, 509 U.S. 292, 301 (1993) (finding that a remand "which terminates the litigation with victory for the plaintiff" confers prevailing party status under the EAJA); *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791–92 (1989) (deeming prevailing party status appropriate when "the plaintiff has succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit'" (alteration in original) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978))).

Second, Dean's motion is timely. Section 2412(d)(1)(B) requires that a party seeking an award of fees submit to the court an application for fees and expenses within 30 days of final judgment in the action. The term "final judgment" refers to judgments entered by a court of law, not decisions rendered by an administrative agency. *Melkonyan v. Sullivan*, 501 U.S. 89, 95 (1991). In Social Security cases involving a remand, the filing period for attorney's fees does not begin until the judgment is entered by the court, the appeal period has run, and the judgment has thereby become unappealable and final. *Id.* at 102; *Schaefer*, 509 U.S. at 302 ("An EAJA

2

application may be filed until 30 days after a judgment becomes 'not appealable'—*i.e.*, 30 days after the time for appeal has ended."). Judgment was entered on July 7, 2023, and Dean filed his motion on October 2, 2023, 87 days later. Either party would have had 60 days to appeal, *see* Fed. R. App. P. 4(a)(1)(B) (providing that where one party is a United States officer sued in an official capacity, the parties have 60 days to appeal), plus the 30-day allowance in accordance with Section 2412(d)(1)(B). Thus, Dean had to file his motion within 90 days of entry of judgment. Because Dean's motion falls within this window, the Court finds the request is timely.

Third, the Commissioner's position was not "substantially justified." EAJA fees may be awarded if either the Commissioner's litigation position or his pre-litigation conduct lacked substantial justification. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). For the Commissioner's position to have been substantially justified, it must have had reasonable factual and legal bases and a reasonable connection between the facts and his legal theory. *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006). Critically, the Commissioner has the burden of proving that his position was substantially justified. *Golembiewski*, 382 F.3d at 724 (citing *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994)). Here, Dean argues that the Commissioner "cannot assert substantial justification because [he] had to cease its defense of this [Administrative Law Judge] decision based upon the legal errors identified in Plaintiff's opening brief." Mot. Att'y Fees 1. The Commissioner does not oppose Dean's motion, *see* Resp. Mot. Att'y Fees 1, so the Court finds that the Commissioner's position was not substantially justified.

Finally, no special circumstances exist that would make an award of attorney's fees unjust. Therefore, Dean is entitled to recover reasonable attorney's fees under the EAJA.

II.   **Reasonableness of Dean's Attorney's Fees**

It is a successful litigant's burden to prove that the attorney's fees he requests are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Reasonable fees are calculated by multiplying the appropriate number of hours worked by a reasonable hourly rate. *Id.* at 433. The rate is calculated with reference to prevailing market rates and capped at $125 per hour unless the court determines that "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved," warrants a higher hourly rate. 28 U.S.C. § 2412(d)(2)(A). The Seventh Circuit has set forth the following standard for EAJA claimants seeking a higher hourly rate:

> An EAJA claimant seeking a cost-of-living adjustment to the attorney fee rate . . . . may rely on a general and readily available measure of inflation such as the Consumer Price Index, as well as proof that the requested rate does not exceed the prevailing market rate in the community for similar services by lawyers of comparable skill and experience. An affidavit from a single attorney testifying to the prevailing market rate in the community may suffice to meet that burden.

*Sprinkle v. Colvin*, 777 F.3d 421, 423 (7th Cir. 2015). Such showings are required "to avoid the possibility of a 'windfall'" for the successful litigant's attorney. *Id.* at 429.

To determine the appropriate number of hours worked, the Court turns to Plaintiff's attorney's declaration of hours of work before the Court. *See* Statement Att'y Time Expended 3–4, ECF No. 16-1. The declaration shows that Dean's attorney spent 59.1 hours working on matters before the Court in Dean's case. *Id.* at 4. Dean's attorney states that "in an exercise of significant billing discretion," he seeks EAJA fees for only 51.0 of those hours. *Id.* The Court finds that those 51.0 hours were appropriately billed. *Cf. Kinsey-McHenry v. Colvin*, Cause No. 2:12-CV-332-PRC, 2014 WL 1643455, at *3 (N.D. Ind. Apr. 23, 2014) (noting that courts within the Seventh Circuit have found 40 to 60 hours expended on a Social Security appeal reasonable).

4

Dean asserts that his attorney's work should be compensated by a total payment of $11,367.00—$10,965.00 in attorney's fees (51.0 hours at a rate of $215/hour) and $402.00 in costs. *See* Mot. Att'y Fees 1–2. To justify this sum, Dean's attorney invokes the cost-of-living adjustments allowed under 28 U.S.C. § 2412(d)(2)(A)(ii), asserts that a $215.00/hour rate "is routine for such matters," points to a rate awarded in a 2019 case,[2] and describes how increases in cost of living have impacted his firm. *See id.* at 1; Statement Att'y Time Expended 2. The Court found that this was insufficient and directed Dean to provide "sufficient 'proof that the requested rate does not exceed the prevailing market rate in the community for similar services by lawyers of comparable skill and experience,' for the time in which this work was performed." Oct. 17, 2023 Text Order (quoting *Sprinkle*, 777 F.3d at 423).

Dean subsequently filed a reply, asserting that: (1) the Court could only exercise its discretion to decide reasonable fee awards if reductions were "based on objections actually raised by the adverse party;" (2) the Court had awarded the same rate in two prior cases, including one case in which Dean's attorney represented the plaintiff;[3] (3) the Midwestern Consumer Price Index ("MCPI") justifies the increase; (4) a billing survey from 2014 shows that the requested rate is not a windfall; (5) Dean's attorney's years of experience and non-contingent hourly rate of $595.00 shows that the substantially lower rate for contingent matters, "which bear considerable risk of non-recovery," is not a windfall; and (6) higher rates are awarded within the Ninth Circuit, New Mexico, and Oklahoma. Reply Mot. Att'y Fees 1–3, ECF No. 18.

---

[2] Dean's attorney asserts that his requested rate of $215/hour was lower than the rate awarded in *Paul G. v. Saul*, No. 4:18-cv-04069-SLD-JEH, 2019 WL 7500808, at *2 (C.D. Ill. Oct. 1, 2019). Mot. Att'y Fees 1. This misstates the Court's finding in *Paul G.*, as the Court found "that a $200.00 hourly rate [wa]s reasonable." *Paul G.*, 2019 WL 7500808, at *2. $215.00 is higher, not lower, than $200.00.
[3] *See Anthony G. v. Kijakazi*, No. 4:21-cv-04220-SLD-KLM, 2023 WL 6879827, at *2–3 (C.D. Ill. Oct. 18, 2023); *Robin D.P. v. Comm'r of Soc. Sec.*, No. 1:21-cv-01160-JES-JEH, 2023 WL 5350777, at *1 n.2 (C.D. Ill. Aug. 21, 2023) (awarding to Dean's attorney's a rate of $215.00/hour).

The Court addresses only the points regarding the MCPI and prevailing market rates for similar services by comparable lawyers in the community, as those are sufficient to assess the reasonableness of the rate requested here. Starting with the MCPI, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). To determine what fee increase above the statutory ceiling may be authorized, courts have looked to the ratio of indices like the MCPI at the time legal services were rendered to the MCPI at the time the current statutory limit of $125 was set. *See Sprinkle*, 777 F.3d at 428 & n.2 (leaving to a court's discretion "whether to adopt the national or regional index in specific cases"); Reply Mot. Att'y Fees 2 (using the MCPI—a regional index—for cost-of-living adjustments). The $125 limit is multiplied by this ratio to determine the proportional change in rate. *See, e.g., Booker v. Colvin*, No. 09-cv-1996, 2013 WL 2147544, at *6 (N.D. Ill. May 16, 2013); *Carnaghi v. Astrue*, No. 11 C 2718, 2012 WL 6186823, at *5 (N.D. Ill. Dec. 12, 2012). The work in this case was performed during 2022 and 2023. Statement Att'y Time Expended 3–4. The annual average of the MCPI was 272.401 in 2022 and 282.760 for 2023. *See CPI for All Urban Consumers (CPI-U), Midwest*, U.S. Bureau of Lab. Stat., https://data.bls.gov/cgi-bin/srgate (enter "CUUR0200SA0," select "Next - >", select "1996" for "From" and "2023" for "To" under the "Specify year range:" heading, and hit "Retrieve Data") (last visited Apr. 10, 2024).

As the MCPI in March 1996 was 151.7, *id.* the MCPI had increased by a factor of 1.796 in 2022 and 1.864 in 2023. Increases of the $125 cap to $224.46 for 2022 and $232.99 are therefore warranted. Using those rates, the total amount of attorney's fees for the 2.8 hours of work Dean's attorney performed in 2022 is $628.48 and for the 56.3 hours of work Dean's

6

attorney performed in 2023 is $13,117.49, resulting in a final total of $13,745.97.[4]  The Court finds that the lower amount of requested fees—$10,965.00—is reasonable, as it is lower than the otherwise reasonable total amount of fees, $13,745.97.  *See* Statement Att'y Time Expended 4.

Turning to whether Dean's attorney's requested rate exceeds the prevailing market rate, the decision in *Sprinkle* controls the Court's inquiry, and it requires not only calculations based on information such as the MCPI, but also "satisfactory evidence that the rate they request is in line with those prevailing in the community for similar services by lawyers of comparable skill and experience." *See, e.g.*, *Wright v. Berryhill*, NO. 1:14-CV-08163, 2017 WL 2588218, at *2 (N.D. Ill. June 14, 2017) (quoting *Sprinkle*, 777 F.3d at 428).  In a prior case where Dean's attorney was the plaintiff's counsel, the Court found a stipulated fee request was deficient and directed Dean's attorney to submit "a supported explanation for why the Court should award an increased rate."  Dec. 1, 2021 Text Order, *Craig E. V. v. Andrew M. Saul, Comm'r of Soc. Sec.*, 4:20-cv-04053-SLD-JEH.  The plaintiff "point[ed] to rates awarded by attorneys providing similar quality representation in other federal contexts and note[d] that $205.00 would be viewed as comically low; he further state[d] that his attorney regularly charges other disability firms $595.00 per hour in non-contingent cases." *Craig E. V. v. Kijakazi*, No. 4:20-cv-04053-SLD-JEH, 2022 WL 1156930, at *2 (C.D. Ill. Apr. 19, 2022).  The Court found that the requested rate of $205.00/hour was reasonable due to "the change in the CPI and by the information provided by Craig in his motion and attorney's attached statement indicating that the requested rate is not excessive." *Id.* at *3.

---

[4] Using the MCPI for the month that services were rendered results in a total of $13,664.70 in attorney's fees.  As Dean's attorney requests a rate which is lower than the rate under either a month-based or year-based calculation, the distinction between a month-based or year-based adjustment is immaterial for this case.

The Court is empowered to "find, in its discretion, a single sworn statement from a claimant's attorney, setting forth the prevailing market rate, to be sufficient in some cases." *Sprinkle*, 777 F.3d at 429. Here, as in *Craig E. V.*, the Court finds sufficient Dean's attorney's statements regarding his non-contingent rate and the rates awarded for similar quality representation in other federal contexts. *See* Reply Mot. Att'y Fees 2–3. While Dean's attorney argues that the Court has no basis to question his requested fees in the absence of opposition from the Commissioner, *see id.* at 1, the Court notes that its power to award EAJA fees is limited by the statutory language of the EAJA, *see* 28 U.S.C. § 2412(d)(2)(A)(ii), and the Seventh Circuit's decision in *Sprinkle*, *see* 777 F.3d at 429. The Court must find that a rate above $125.00/hour is both warranted by an increase in the cost of living *and* that the requested rate does not exceed the prevailing market rate. The parties' agreement to a rate does not obviate the need for them to demonstrate that both of those findings can be made.

Dean also requests an award of his attorney's costs in the amount of $402—the filing fee in this case. *See* Statement Att'y Time Expended 4; Dec. 4, 2022 Docket Entry. Such costs are paid from the Judgment Fund, 28 U.S.C. § 2412(c)(1), and are recoverable by statute, *see id.* § 2412(a)(1). These costs are reasonable and compensable under the EAJA and are therefore awarded here. *See, e.g.*, *Dawdy v. Kijakazi*, No. 19-cv-3257, 2021 WL 4203643, at *1 (C.D. Ill. Sept. 15, 2021) (awarding filing fee costs).

## CONCLUSION

Accordingly, the Motion for Attorney Fees Under the Equal Access to Justice Act, ECF No. 16, is GRANTED. Dean is awarded $10,965.00 in attorney's fees and expenses, and $402.00 in costs. This amount may be offset to satisfy any pre-existing debt that Dean owes to the United States. *See Astrue v. Ratliff*, 560 U.S. 586, 593 (2010). Because Dean has not

provided an assignment, the Commissioner will direct that the award be made payable to Dean. *See Mathews-Sheets v. Astrue*, 653 F.3d 560, 565–66 (7th Cir. 2011), *overruled on other grounds by Sprinkle*, 777 F.3d 421. If payment is mailed, as compared to electronically deposited, it shall be mailed to Dean's attorney's address of record: 11450 Bustleton Avenue, Philadelphia, PA 19116.

Entered this 11th day of March, 2024.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
